**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICARDO GUTIERREZ-MEXICANO, AKA Daniel Ricardo Sepulveda-Gutierrez, | No. 15-71182 |
| Petitioner, | Agency No. A095-784-346 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Ricardo Gutierrez-Mexicano, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his request for a continuance.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a continuance, and review de novo questions of law and claims of due process violations. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate Gutierrez-Mexicano's statutory or due process right to counsel in denying Gutierrez-Mexicano's request for a third continuance for failure to show good cause, where he had more than a year to find representation. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider when reviewing the denial of a continuance); *Biwot v. Gonzales*, 403 F.3d 1094, 1099-1100 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel); *see also Vides-Vides v. INS*, 783 F.2d 1463, 1469-70 (9th Cir. 1986) (failure to obtain counsel after two continuances over four months simply meant alien was "unable to secure counsel at his own expense"). The BIA's mischaracterization of the IJ's statement to Gutierrez-Mexicano at the second hearing does not materially affect our analysis.

We reject Gutierrez-Mexicano's contentions that the agency ignored evidence or relevant factors, misled Gutierrez-Mexicano, failed to provide a reasoned explanation for its actions, or applied an incorrect legal standard, where

the agency sufficiently explained its decision and invoked the applicable "good cause" legal standard in analyzing his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

Accordingly, Gutierrez-Mexicano's due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**